Reese, J.
delivered the opinion of the court.
Webb had been sheriff of Giles county, and an execution had been placed in his hands in favor of Armstrong against George W. Greaves, and returned levied upon certain lots in the town *380 of Pulaski, and not time to sell the same. Upon this, a venditioni exponas issued: the lots were sold, and Armstrong procured one Crow to bid for them, and they were struck off to him for the sum of 40 dollars. Greaves was insolvent and really had no valid interest in these lots. For the non-return of the last process, the motion in the present case was made against Webb and his sureties, claiming the extreme rigor of the lex scripta; adopted on grounds of public policy, in a case where no injury whatever had been done to the plaintiff by the non-return in time of the process.
In defence, it is insisted that the term “execution” in the statute giving the motion, does not embrace the process of ven-ditioni exponas.
We are of opinion, that it is comprehended within the meaning of the terms used and also within the objects of the statute.
It is an execution, or a writ to satisfy the judgment on behalf of the plaintiff, and its due return is as important as that of other process of the same general description.
It is said again for the defendant, that he ought not’ to bo held liable beyond the amount for which the lots sold. But the statute makes him liable for the amount of the judgment in terms, if he do not return the process, without reference to the solvency of the debtor or the amount which was or might have, been actually collected. It js the stern and rigid policy of the law, adopted to correct a great and growing evil, the non-return of process of execution: and the plaintiff makes out his case fully and entirely, by showing the reception of the execution by the sheriff and its non-return by him. The sheriff cannot defend himself by showing that the debtor was insolvent, or that he received a given amount and could make no more.
But it was proved by one Jackson in this case, that he was using the name of Armstrong in this motion, under an agreement to give him half of what .might be collected; that he was doing this for his own indemnity, having lost money by Webb.
This is gross champerty; clearly made to appear, not indeed by interrogatories, propounded in the mode pointed out in the *381 statute, but by the voluntary statement of Jackson as a witness in the case. The fact is all that is important; the mode of ascertaining the fact is a matter of form. The statute by pointing out the means of ascertaining champertous agreements, by bill and by interrogatories formally propounded, did not intend to restrict, but to amplify the remedies for punishing such agreements.
Before the statute, and since the statute, if it satisfactorily appear to the court in proof, that the suit, in its origin and progress, is affected by champerty, it is a duty of the court' not to permit itself to become the organ and instrument to consummate such agreements, but to repel the plaintiff and his suit. And this court, therefore, upon this ground, reversing the judgment of the Circuit Court, and proceeding to give such judgment as the Circuit Court ought to have given, adjudge that the plaintiff below take nothing by his motion, and that defendants go hence without day.